MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
DELMAN AMARILDO FUENTES,
*individually and on behalf of others similarly situated,*

       *Plaintiff*,

  -against-

HIGHGATE CLEANERS INC.  (D/B/A HIGHGATE CLEANERS), SUK SANG YOON, and EUN JU YOON,

       *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

  Plaintiff Delman Amarildo Fuentes ("Plaintiff Fuentes" or "Mr. Fuentes"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Highgate Cleaners Inc. (d/b/a Highgate Cleaners), ("Defendant Corporation"), Suk Sang Yoon and  Eun Ju Yoon, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

  1. Plaintiff Fuentes is a former employee of Defendants Highgate Cleaners Inc. (d/b/a Highgate Cleaners), Suk Sang Yoon, and Eun Ju Yoon.

  2.  Defendants own, operate, or control a dry cleaner, located at 190 East 95th Street, New York, New York, 10128 under the name "Highgate Cleaners".

3. Upon information and belief, individual Defendants Suk Sang Yoon and Eun Ju Yoon, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the dry cleaners as a joint or unified enterprise.

4. Plaintiff Fuentes was employed as a counter worker at the dry cleaners located at 190 East 95th Street, New York, New York, 10128.

5. At all times relevant to this Complaint, Plaintiff Fuentes worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Fuentes appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Fuentes to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Fuentes and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Fuentes now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Fuentes seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Fuentes's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operated a dry cleaners located in this district. Further, Plaintiff Fuentes was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Delman Amarildo Fuentes ("Plaintiff Fuentes" or "Mr. Fuentes") is an adult individual residing in Bronx County, New York.

14. Plaintiff Fuentes was employed by Defendants at Highgate Cleaners from approximately 2008 until on or about March 19, 2020.

15. Plaintiff Fuentes consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a dry cleaner, located at 190 East 95th Street, New York, New York, 10128 under the name "Highgate Cleaners".

17.     Upon information and belief, Highgate Cleaners Inc. (d/b/a Highgate Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 190 East 95th Street, New York, New York, 10128.

18.     Defendant Suk Sang Yoon is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Suk Sang Yoon is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Suk Sang Yoon possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Fuentes, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Eun Ju Yoon is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Eun Ju Yoon is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Eun Ju Yoon possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Fuentes, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

20. Defendants operate a dry cleaner located in the Upper East Side section of Manhattan in New York City.

21. Individual Defendants, Suk Sang Yoon and Eun Ju Yoon, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff Fuentes's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Fuentes, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff Fuentes (and all similarly situated employees) and are Plaintiff Fuentes's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff Fuentes and/or similarly situated individuals.

26. Upon information and belief, Individual Defendants Suk Sang Yoon and Eun Ju Yoon operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff Fuentes's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Fuentes, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Fuentes's services.

28. In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the dry cleaners on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30. Plaintiff Fuentes is a former employee of Defendants who was employed as a counter worker.

31. Plaintiff Fuentes seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Delman Amarildo Fuentes*

32. Plaintiff Fuentes was employed by Defendants from approximately 2008 until on or about March 19, 2020.

33. Defendants employed Plaintiff Fuentes as a counter worker.

34. Plaintiff Fuentes regularly handled goods in interstate commerce, such as dry-cleaning supplies and other supplies produced outside the State of New York.

35. Plaintiff Fuentes's work duties required neither discretion nor independent judgment.

36. From approximately May 2014 until on or about June 2018, Plaintiff Fuentes worked from approximately 6:30 a.m. until on or about 7:00 p.m., Mondays through Fridays and from approximately 8:00 a.m. until on or about 5:00 p.m., Saturdays (typically 71.5 hours per week).

37. From approximately June 2018 until on or about December 2019, Plaintiff Fuentes worked from approximately 7:30 a.m. until on or about 6:30 p.m., Mondays through Fridays (typically 55 hours per week).

38. From approximately January 2020 until on or about March 19, 2020, Plaintiff Fuentes worked from approximately 7:30 a.m. until on or about 6:30 p.m., Monday through Thursday (typically 44 hours per week).

39. Throughout his employment, Defendants paid Plaintiff Fuentes his wages in cash.

40. From approximately May 2014 until on or about June 2018, Defendants paid Plaintiff Fuentes a fixed salary of $750 per week.

41. From approximately June 2018 until on or about December 2019, Defendants paid Plaintiff Fuentes a fixed salary of $850 per week.

42. From approximately January 2020 until on or about March 19, 2020, Defendants paid Plaintiff Fuentes $15.00 per hour.

43. Plaintiff Fuentes's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

44. For example, from approximately May 2014 until on or about June 2018, Defendants required Plaintiff Fuentes to start working 30 minutes prior to his scheduled start time every day, and did not pay him for the additional time he worked.

45. Defendants never granted Plaintiff Fuentes any breaks or meal periods of any kind.

46. Plaintiff Fuentes was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

47. Defendants did not provide Plaintiff Fuentes an accurate statement of wages, as required by NYLL 195(3).

48. In fact, Defendants adjusted Plaintiff Fuentes's paystubs so that they reflected inaccurate wages and hours worked.

49. Defendants did not give any notice to Plaintiff Fuentes, in English and in Spanish (Plaintiff Fuentes's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Fuentes (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

51. Plaintiff Fuentes was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52. Defendants' pay practices resulted in Plaintiff Fuentes not receiving payment for all his hours worked, and resulted in Plaintiff Fuentes's effective rate of pay falling below the required minimum wage rate.

53. Defendants habitually required Plaintiff Fuentes to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

54. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

55. Defendants paid Plaintiff Fuentes his wages in cash.

56. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

57. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Fuentes (and similarly situated individuals) worked, and to avoid paying Plaintiff Fuentes properly for his full hours worked.

58. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

59. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Fuentes and other similarly situated former workers.

60. Defendants failed to provide Plaintiff Fuentes and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

61. Defendants failed to provide Plaintiff Fuentes and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

62. Plaintiff Fuentes brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

63. At all relevant times, Plaintiff Fuentes and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

64. The claims of Plaintiff Fuentes stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

65. Plaintiff Fuentes repeats and realleges all paragraphs above as though fully set forth herein.

66. At all times relevant to this action, Defendants were Plaintiff Fuentes's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Fuentes (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

67. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

68. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

69. Defendants failed to pay Plaintiff Fuentes (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

70. Defendants' failure to pay Plaintiff Fuentes (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff Fuentes (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

72. Plaintiff Fuentes repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Fuentes (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74. Defendants' failure to pay Plaintiff Fuentes (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff Fuentes (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

76. Plaintiff Fuentes repeats and realleges all paragraphs above as though fully set forth herein.

77. At all times relevant to this action, Defendants were Plaintiff Fuentes's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Fuentes, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

78. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Fuentes less than the minimum wage.

79. Defendants' failure to pay Plaintiff Fuentes the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

80. Plaintiff Fuentes was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

81. Plaintiff Fuentes repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Fuentes overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83. Defendants' failure to pay Plaintiff Fuentes overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

84. Plaintiff Fuentes was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

85. Plaintiff Fuentes repeats and realleges all paragraphs above as though fully set forth herein.

86. Defendants failed to provide Plaintiff Fuentes with a written notice, in English and in Spanish (Plaintiff Fuentes's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

87. Defendants are liable to Plaintiff Fuentes in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

88. Plaintiff Fuentes repeats and realleges all paragraphs above as though fully set forth herein.

89.     With each payment of wages, Defendants failed to provide Plaintiff Fuentes with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

90.     Defendants are liable to Plaintiff Fuentes in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Fuentes respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Fuentes and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Fuentes and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Fuentes's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Fuentes and the FLSA Class members;

(f)     Awarding Plaintiff Fuentes and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Fuentes and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Fuentes;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Fuentes;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Fuentes's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Fuentes;

(l)     Awarding Plaintiff Fuentes damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as

applicable

(m)     Awarding Plaintiff Fuentes damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Fuentes liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Fuentes and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Fuentes and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Fuentes demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

May 20, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165  
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

May 14, 2020

BY ELECTRONIC SIGNATURE

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:   Delman Amarildo Fuentes

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:   _____

Date / Fecha:   14 de Mayo 2020

*Certified as a minority-owned business in the State New York*   1