UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
DELMAN AMARILDO FUENTES, et al.,           :
                                            :
                Plaintiff,           :      20-CV-3925 (OTW)
                                            :
                -against-            :      **OPINION & ORDER**
                                            :
HIGHGATE CLEANERS INC., et al.,            :
                                            :
                Defendants.          :
                                            :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiff Delman Amarildo Fuentes brought this action against Highgate Cleaners Inc., Suk Sang Yoon, and Eun Ju Yoon (collectively "Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff alleged failure to pay minimum and overtime wages, and "failure to provide. . . wage statements and wage notices." (ECF 44 at 1). Plaintiff and Defendants reached a settlement and now seek Court approval of their proposed settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). All parties have consented to my jurisdiction to decide the motion in accordance with 28 U.S.C. § 636(c). (ECF 33). For the reasons below, the Court **APPROVES** the settlement agreement as fair and reasonable under *Cheeks*.

**I.        Background**[1]

Plaintiff states that he was employed by Defendants at Defendants' Manhattan drycleaners. (ECF 44 at 1). Plaintiff brought suit alleging violations of the FLSA and the NYLL.

---

[1] The following facts are as alleged in Plaintiff's complaint. (*See* ECF 1).

1

Plaintiff and Defendants agreed to a negotiated settlement agreement after extensive settlements discussions through mediation. (*Id.* at 1).

## II.     Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a.  Range of Recovery and Litigation Risks

Plaintiff alleged that he is entitled to back wages from Defendants in the amount of approximately $159,550. (ECF 44 at 1). Plaintiff estimates that if he had recovered in full for his claims, exclusive of attorney's fees, he would be entitled to approximately $329,100.00. (*Id.*). The proposed settlement amount is $32,500. (*Id.*). Of the total settlement amount, Plaintiff would receive $19,552.54 and Plaintiff's counsel would receive $12,947.46 in fees and costs. (*Id*. at 1-2). Based on estimated damage calculations, Plaintiff's possible recovery was between

$0 and $329,100.00. (ECF 44-2 at 2). Under the proposed settlement agreement, Plaintiff will receive $19,552.54, approximately 13% of his owed back wages, not including any liquidated damages or penalties.[2] Courts in this district have approved settlement amounts within this range. *See, e.g., Zorn-Hill v. A2B Taxi LLC,* No. 19-CV-1058 (KMK), 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving a settlement amount equal to 12.5% of the plaintiff's best-case scenario recovery); *Santos v. YMY Mgmt. Corp.*, No. 20-CV-1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement agreement equal to 18% of Plaintiff's total alleged damages).

Here, Plaintiff acknowledges that "there were sharply contested factual and legal disputes" that went to the heart of the claims at issue. Importantly, Defendants contested Plaintiff's actual hours worked. (ECF 44 at 2). Plaintiff therefore could recover nothing if he were to proceed to trial. The parties' filings demonstrate that there are significant disputes present in the case that present them with risks were they to proceed with litigation.

Litigation costs aside, one of the main driving factors in approving the settlement agreement is Defendants' assertion of a limited ability to pay. (ECF 44 at 2). Plaintiff asserts that the risks emanating from Defendants' asserted diminution of income as a result of the COVID-19 pandemic were seriously taken into consideration when negotiating the settlement agreement. Plaintiff believes that the settlement amount is a fair result in light of the risks outlined above. (ECF 44 at 2).

    b. **Arm's Length Negotiation**

The parties represented that the settlement was reached as the result of Court-

---

[2] $(19,552.54 / 150,925 = .129)$

appointed mediation (ECF 44 at 1), which is evidence of an arm's-length negotiation. *See*, *Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043 (AT), 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016).

### c. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

### d. Settlement Agreement Provisions

The release is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement does not include provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

### e. Attorney's Fees and Costs

Under the proposed settlement agreement, Plaintiff's counsel will be awarded $12,947.46, equaling (i) $3,171.95 in reimbursement of costs and (ii) $9,775.51 in attorney's

fees, which is approximately one-third of the total settlement amount after deduction of costs. (ECF 44 at 2; ECF 44-3). Although there is not a proportionality requirement, FLSA settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a 'reasonable attorney's fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."). The fees award is less than Plaintiff's counsel's stated lodestar, which is supported by billing records attached to the proposed settlement. (ECF 44 at 2; ECF 44-3 at 1-5). Given these facts, the Court finds the attorneys' fees award to be reasonable.

### III.   Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable. Plaintiff will receive **$19,552.54**. Plaintiffs' counsel will receive **$12,947.46** of the settlement amount, with **$9,775.51** allocated to attorneys' fees and **$3,171.95** to costs. It is hereby **ORDERED** that this action is dismissed with prejudice. The Clerk is respectfully directed to close the case.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: October 25, 2022          **Ona T. Wang**
       New York, New York        United States Magistrate Judge